```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

DUSTIN J.
MERRYFIELD,

                    **Petitioner,**

            **v.**                              **CASE NO. 09-3194-RDR**

STATE OF KANSAS,
et al.,
                    **Respondents.**

### MEMORANDUM AND ORDER

This matter was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a person adjudicated to be a Sexually Violent Predator (SVP). Mr. Merryfield was civilly committed under Kansas law, and is currently detained in the Kansas Sexual Predator Treatment Program (KSPTP) at Larned State Hospital, Larned, Kansas[1]. He has also filed a Motion to Proceed in forma pauperis (Doc. 2), Motion to Appoint Counsel (Doc. 3), and motions for issuance of summons and for the U.S. Marshal to serve summons (Docs. 4 & 5). Having considered all the materials filed, the court finds as follows.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner's motion to proceed in forma pauperis is supported by a financial affidavit indicating he has a negative

---

[1] Merryfield filed a petition listing two individuals as petitioners in this single case. Generally, habeas corpus acts upon the body of the petitioner and is filed by a single person. The grounds for relief alleged in this petition are not based upon the same facts for both petitioners. For this reason, the court instructed the clerk of the court to copy the petition and file a separate action on behalf of each listed petitioner. This matter proceeds as the petition of Mr. Merryfield only. Thus, any allegations not pertaining to Merryfield are not relevant to his claims and are not considered herein. Mr. Brull and all his claims and allegations are found to be improperly joined in this action. They are dismissed without prejudice from this case, and are being considered in a separate unrelated case. Habeas cases with the same claims and evidence may be considered for consolidation.

balance in his inmate account, has no cash on hand, and has received no money within the past 12 months other than his $18.00 monthly indigent allotment from the institution. Petitioner is granted leave to proceed herein without prepayment of the $5.00 filing fee.

**OTHER MOTIONS**

Petitioner's motion to appoint counsel shall be denied, without prejudice. There is no constitutional right to appointment of counsel in federal habeas corpus proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). Instead, the matter is within the court's discretion. <u>See</u> <u>Swazo v. Wyoming DOC State Penitentiary Warden</u>, 23 F.3d 332 (10th Cir. 1994). The court is not convinced that appointment of counsel in this case at this juncture is warranted. <u>See</u> <u>Long v. Schilllinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991). This motion is denied, without prejudice. Petitioner's motions for service of summons by a U.S. Marshal are premature and inappropriate. This action was not filed as a civil complaint requiring service of summons. In habeas proceedings, the court issues a show cause order to respondent if it determines that a responsive pleading is required.

**FACTUAL BACKGROUND**

As the factual background for his petition, Mr. Merryfield alleges the following. He has been in and out of state institutions since he was ten years old. In 1998, he was convicted of a crime and imprisoned. During the criminal proceeding, he was in the custody of the Kansas Social and Rehabilitation Services as

2

a "Child in Need of Care," and was being treated for "several life long mental abnormalities and illnesses." During state criminal proceedings, a mental evaluation was completed and he was found "to not be ill even though he was civilly committed as mentally ill at the time." The court sent him to prison instead of finding him to be mentally ill and in need of treatment. About twenty days before his sentence was to expire he was "taken back to Court and a few months later was found mentally ill and dangerous and was involuntarily committed to a treatment facility." He arrived at the KSPTP in December 2000. He is "currently being prosecuted in a Pawnee County criminal case arising out of an alleged incident" that occurred during his civil detention at Larned[2]. The Clinical Program Director at the KSPTP "diagnosed the issue that led to criminal charges" as resulting from "(his) mental illness". The Director diagnosed "emotional modulation" as the treatment required, and stated Merryfield's "assignment to ITU" is "appropriate and in the interests of his treatment." The Director did not recommend his placement in prison. He was "removed from the (KSPTP) on or about September 13, 2007, and committed to the Intensive Treatment Unit." His "sole diagnosis" is Antisocial Personality Disorder.

**INITIAL REVIEW**

Under Rule 4 of the Rules Governing Section 2254 Cases, the

---

[2] Merryfield does not specify what charges he is facing. In an attached petition filed in state court, he alleged that in October, 2007, he was charged with violating K.S.A. 21-3448 (Battery against a mental health employee). Another attachment indicates that on September 13, 2007, he became aggressive toward staff during a shakedown of his room and destroyed some property in the dayroom.

Case 5:09-cv-03194-RDR   Document 6   Filed 10/07/09   Page 4 of 11

Court is required to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ."  See Rule 1(b) of the Rules Governing Section 2254 Cases (The Rules Governing Section 2254 Cases may be applied at the Court's discretion to habeas petitions, such as the one in this action, brought pursuant to authority other than 28 U.S.C. § 2254.); see also Boutwell v. Keating, 399 F.3d 1203, 1207 FN 2 (10th Cir. 2005).

**LEGAL STANDARDS**

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The proper respondent in a § 2241 proceeding is "the person who has custody over petitioner." Rumsfeld v. Padilla, 542 U.S. 426, 435-42 (2004).  A claim brought pursuant to 28 U.S.C. § 2241 attacks the execution of a prisoner's sentence as it affects the fact or duration of his confinement.  See, e.g., Overturf v. Massie, 385 F.3d 1276, 1278 (10th Cir. 2004).  Generally, an attack on the constitutionality of the conditions of a prisoner's confinement is not cognizable in a habeas corpus proceeding.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004)("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); see also Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(Federal claims challenging the

4

conditions of confinement generally do not arise under § 2241.); McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997)(A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement.); United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997)(challenges to good-time credit and parole procedure go to execution of sentence and should be brought under § 2241; challenges to conditions of confinement and related civil rights allegations should be brought pursuant to civil rights laws).

Even though § 2241 does not contain an express exhaustion requirement like § 2254, the Tenth Circuit has held that exhaustion is generally required in actions arising under § 2241.  Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)); see also Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).  "The exhaustion of state remedies includes both administrative and state court remedies." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).

Pursuant to 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction or stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Subject to few exceptions, state courts must be permitted to try state cases free from interference by federal courts.  Younger v. Harris, 401 U.S. 37, 43 (1971).  When federal

5

courts are asked to enjoin pending state court proceedings, "the normal thing to do . . . is not to issue such injunctions." Id. at 44. This general rule of non-interference by federal courts in state court proceedings is known as the Younger abstention doctrine. The Supreme Court has explained that the fundamental policy reason for the doctrine of abstention is "comity," which it described as:

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

Id. The abstention doctrine serves to "prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." Id. at 44. Under Younger, a federal court must abstain from interfering with the state proceedings if (1) the state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). "[T]he mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction." New Orleans Public Service, Inc., v. Council of City, 491 U.S. 350, 365 (1989)(citing Younger, 401 U.S. at 53).

**DISCUSSION**

A habeas petition must specify all the grounds for relief

6

and state the facts supporting each ground in his petition.  See Rule 2 of Rules Governing Section 2254 Cases.  In Merryfield's petition, the claims and facts in support are not stated clearly or in an orderly manner.  The court has sorted the numerous, jumbled claims into two distinct types.  Petitioner apparently seeks to enjoin his pending state criminal prosecution.  Certain pretrial challenges to state court proceedings may properly be raised in a § 2241 petition.  However, many of petitioner's claims are complaints regarding his conditions of confinement, which are not properly raised in a habeas corpus petition.  Instead, they must be raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Mr. Merryfield has been so informed in prior cases he has filed in this court.

**CONDITIONS CLAIMS**

The following claims raised in the petition are actually challenges to the conditions of Mr. Merryfield's confinement: he learned his sexual addiction and lack of boundaries during his confinement as a child in state facilities; prison "exacerbated a mentally ill person's disease and serves no therapeutic or rehabilitative purposes" and confinement in prison will "only exacerbate his disease"; "defendants" are deliberately indifferent to his mental health needs; group therapy in the KSPTP exposes him to sexual deviancy and abuse and "defendants" are manufacturing deviancy; treatment cannot be provided in prison but only in the SPTP; treatment cannot be provided in either the prison or the SPTP; failure to provide proper treatment while in the KSPTP or the ITU is unconstitutional; he is being denied "individualized

7

treatment" at the KSPTP; he cannot be held in a prison and a "treatment facility" at the same time[3]; an SVP cannot constitutionally be confined in conditions identical to those imposed on criminals; and placing him in prison, then the KSPTP, then prison amounts to cruel and unusual punishment.  He seeks money damages and restitution for sending him to prison and "exacerbating" his illness and for ignoring his mental condition; placement in a private treatment facility and money for treatment there; and provision of individualized treatment.  The court finds that these claims are not properly raised in this § 2241 petition.  They are dismissed without prejudice for this reason[4].

**CLAIMS CHALLENGING PENDING STATE CRIMINAL PROCEEDINGS**

Petitioner alleges he is "in imminent danger of being removed from the (KSPTP) and being placed in prison."  He further alleges that while civilly committed he "involuntarily committed" a criminal act due to his "mental infirmities".  He claims the impending state criminal prosecution should be enjoined because a "person cannot be punished for having a certifiable mental illness".[5]  He also claims that sentencing him to prison while he is "still civilly committed" places him under "dual jurisdictions"

---

[3] Petitioner's claim that "imprisonment and civil commitment cannot co-exist" under Kansas statutes is based on state law, and as such is not grounds for federal habeas corpus relief.

[4] The court notes that Mr. Merryfield has raised some of these same conditions claims in prior cases filed in this federal court.  One such case is currently on appeal to the Tenth Circuit Court of Appeals.  It is not appropriate for him to repeatedly raise the same claims or to raise claims that are currently on appeal in another action.

[5] Petitioner claims he was "not exhibiting criminality" but simply manifestations of his mental disorder.  He cites M'Naghten and the "mens rea test" as the law in Kansas and complains it is too hard to prove an insanity defense.

that cannot co-exist under the U.S. Constitution. He additionally claims that sending him to prison would violate Double Jeopardy[6] and the Equal Protection Clause. He bases the latter claim on his status as a person under "civil commitment" and the assertion that he may not be treated differently than persons in Kansas committed as mentally ill but not sexually violent predators, and SVPs in California.

The court is asked to determine that Merryfield's past and present criminal behaviors resulted from his mental illness, and to enjoin "defendants" from trying to prosecute or punish "someone they are caring for" and in a "special relationship with". The court is also asked to declare K.S.A. 59-29a07 (Commitment of Sexually Violent Predators) unconstitutional, and order his release from confinement[7].

The court finds no legal merit to petitioner's underlying argument that a person who has been civilly committed under the KSVPA cannot be charged and tried for subsequent criminal conduct, and sentenced to prison if found guilty of a crime. However, even if Merryfield presented sufficient facts or legal authority in support of his claims, he is not entitled to relief in this court at this time.

Petitioner's habeas-type claims are mainly challenges to

---

[6] This claim appears to be based only upon the fact that petitioner has previously been sentenced to prison. His being sentenced to prison after conviction for a subsequent, unrelated crime would not amount to double jeopardy.

[7] Petitioner alleges no grounds for his request that this statute be declared unconstitutional or for release from his current confinement as an SVP. He has been informed in prior cases that in order to challenge his civil commitment proceedings he must file a § 2254 petition, after having exhausted all state judicial remedies. His assertion that he has exhausted by filing a state petition under K.S.A. 60-1501 directly in the Kansas Supreme Court was rejected in a prior case.

his impending state criminal prosecution and possible future sentence. Those claims, including that he is not mentally competent to be found guilty of criminal conduct and that the insanity defense in Kansas is too difficult to prove, are defenses and arguments he can and must raise in the first instance in his state criminal proceedings.

This court is not shown to have authority under the circumstances of this case to intervene in the pending state court criminal proceedings. Petitioner alleges the state judicial proceedings are ongoing. Criminal proceedings clearly implicate the State's important interest in "enforcing its criminal laws." Younger, 401 U.S. at 51-52. The Kansas trial and appellate processes provide an adequate opportunity for petitioner to raise his claims. Petitioner presents no special circumstances sufficient to justify federal court intervention[8]. He does not allege that the state proceedings are motivated by bad faith, that irreparable injury will occur, or that the state forum is inadequate. Accordingly, under the rationale of Younger, petitioner's habeas claims shall be dismissed, without prejudice. Petitioner may refile a federal habeas petition after the conclusion of state criminal proceedings and direct appeals.

Finally, the court finds that to the extent this petition may be read to contain claims regarding execution of petitioner's current civil commitment, he has failed to allege any facts in support and to demonstrate proper exhaustion of all available state

---

[8] Petitioner's double jeopardy claim is not supported by facts indicating he is alleging the type of violation that would warrant federal judicial intervention.

administrative and judicial remedies on such claims. In sum, petitioner's habeas claims regarding pending state criminal proceedings are dismissed, without prejudice, as premature under Younger; his habeas claims, if any, regarding execution of his civil commitment are dismissed without prejudice for failure to state facts in support and to show exhaustion of state court remedies; and his conditions claims are dismissed, without prejudice, for failure to state a claim cognizable under § 2241.

**IT IS THEREFORE ORDERED** that all claims and allegations in this petition pertaining only to Mark D. Brull are found to be improperly joined and are dismissed from this action, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3), Motion to Appoint Marshal to Serve Summons (Doc. 4), and Motion for Issuance of Summons (Doc. 5) are denied.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice.

**IT IS SO ORDERED.**

**DATED: This 7th day of October, 2009, at Topeka, Kansas.**

                                    **s/RICHARD D. ROGERS**
                                    **United States District Judge**

11